UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK RONALD CARTER, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 23-1836 (UNA) |
| ) | |
| DC DHS CFS, *et al.*, ) | |
| ) | |
|     *Defendants*. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court will grant the application and, for the reasons discussed below, dismiss the complaint and this civil action without prejudice.

Plaintiff, who has sole legal and physical custody of his minor child, resides in an apartment in the District of Columbia and appears to receive services from the company managing the building (The Sterling). *See* Compl. at 1. Plaintiff alleges that, on May 11, 2023, he "was detained by Law enforcement [and] taken to a mental health facility (CPEP) . . . for 24 hours," at which time the District's Child and Family Services Agency (CFSA) removed the child. *Id*. According to plaintiff, CFSA is guilty of "hijacking and kidnapping" his child, and thereby violated his "human rights and civil rights as well as his constitutional rights to serve his child's best interest." *Id*. Regarding The Sterling, plaintiff alleges that its staff defame and harass him, unlawfully enter his unit, invade his privacy, fail to secure tenants' safety, and otherwise interfere with his enjoyment of his unit. *See id*. at 1-2. For example, he alleges a staff member contacted CFSA to provide "fals[e] information displaying Plaintiff as a mental patient" thereby securing his child's placement "in juvenile custody[.]" *Id.* at 2. Plaintiff allegedly has

1

sustained "injury to emotional stability," injury to his reputation, and other harms as a result of defendants' actions for which he demands "compensatory . . . and punitive damages in the sum of exactly $1,365,000,000 . . . and immediate return of [his] minor child[.]" *Id*. at 2. The Court will dismiss the complaint without prejudice for the following reasons.

*First*, CFSA is a component of the District of Columbia government which itself is not a suable entity. Therefore, CFSA must be dismissed as a party defendant. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 191 (D.D.C. 2015) (dismissing CFSA as party defendant), *aff'd*, No. 15-7043, 2015 WL 9012019 (D.C. Cir. Oct. 30, 2015).

*Second*, assuming that plaintiff intended to sue the District of Columbia under 42 U.S.C. § 1983 for alleged violations of constitutionally protected rights, the complaint fails to allege facts demonstrating a basis for the District's liability. "To establish municipal liability under § 1983, a plaintiff must first demonstrate that there was an underlying constitutional violation, and second, show that the municipality's policy or custom caused the constitutional violation." *Bell v. District of Columbia*, 82 F. Supp. 3d 151, 155 (D.D.C. 2015) (citation omitted). To satisfy the second prong, plaintiff must allege that the District (1) "explicitly adopted the policy that was the moving force of the constitutional violation"; (2) "knowingly ignore[d] a practice that was consistent enough to constitute custom"; or (3) failed to "respond[ ] to a need . . . in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Warren v. District of Columbia*, 353 F.3d 36, 389 (D.C. Cir. 2004) (cleaned up). Alternatively, plaintiff could allege that an authorized municipal policymaker made a one-time decision that resulted in the alleged constitutional deprivation. *See Singletary v. District of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014). Without such factual allegations, plaintiff fails to demonstrate a basis for the District's liability. *See Richardson on*

*behalf of A.G.H. v. District of Columbia Superior Court*, No. 1:22-cv-2585, 2022 WL 17615792, at *1 (D.D.C. Dec. 13, 2022)

*Third*, insofar as plaintiff brings tort claims against The Sterling, the complaint fails to demonstrate a basis for this Court's jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Plaintiff does not appear to raise a federal claim against The Sterling, and because plaintiff and The Sterling reside or conduct business in the District of Columbia, plaintiff does not demonstrate diversity jurisdiction.

*Fourth*, insofar as plaintiff demands custody of his child, this federal district court lacks jurisdiction to grant such an award. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding "that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children").

*Fifth*, notwithstanding plaintiff's dissatisfaction with The Sterling, there are no factual allegations indicating whether any defendant engaged in a practice made unlawful under the Fair Housing Act by, for example, "discriminat[ing] against [plaintiff] person in the terms,

conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

    An Order is issued separately.

DATE: July 17, 2023                                                TREVOR N. McFADDEN  
                                                                  United States District Judge